IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY WARREN FOSTER, § | | |
| TDCJ #1260990, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-2444 |
| § | | |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent.[1] § | | |

# **MEMORANDUM AND ORDER**

The petitioner, Larry Warren Foster (TDCJ #1260990), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Foster has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the result of a prison disciplinary conviction. After reviewing all of the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

---

[1] The petition names Warden Smith as the primary respondent. Because Foster is in custody of the Texas Department of Criminal Justice - Correctional Institutions Division, the Court substitutes Director Rick Thaler as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

**I.     BACKGROUND**

Foster indicates that he is presently incarcerated as the result of a conviction for felony driving-while-intoxicated ("felony DWI"). Court records show that Foster was convicted of felony DWI on September 8, 2004, in cause numbers 2040830 and 2040880. *See Foster v. Quarterman*, Civil Action Nos. 1:06-0888 & 1:06-0889 (W.D. Tex.). The 390th District Court of Travis County, Texas, sentenced Foster to serve fifteen years' imprisonment in both cases. Foster does not challenge any of his underlying convictions here. Instead, Foster challenges the result of a prison disciplinary proceeding lodged against him at the Wallace Pack Unit, in Navasota, Texas, where he is presently confined.[2]

Foster explains that he was charged in disciplinary case #20100202600 with violating prison rules by (1) failing or refusing to obey an order, and (2) being in an unauthorized location or "out of place." At a disciplinary hearing on March 30, 2010, Foster admitted that he entered an "unoccupied cubicle" in his dormitory and that he was out of place, as charged, but denied that he failed or refused to obey an order to exit the cubicle. The disciplinary hearing captain dismissed the charge of failing to obey an order and found Foster guilty of being out of place. As a result of the disciplinary conviction, Foster lost commissary and recreational privileges for 30 days. His contact-visitation privileges were curtailed for 45

---

[2]     Travis County, where Foster's underlying convictions were entered, is not located within the Southern District of Texas. Because Foster is currently incarcerated in Grimes County, which is within the Southern District, this Court retains jurisdiction over the petition. *See Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

2

days and his classification status was reduced from L1 to L2. Foster challenged the conviction by filing a Step 1 and Step 2 grievance, but his appeal was unsuccessful.

Foster now seeks a federal writ of habeas corpus to challenge his disciplinary conviction. Foster complains that the disciplinary conviction violates due process. For reasons set forth below, however, the Court finds that Foster fails to state an actionable claim under the standard of review that governs disciplinary proceedings in the prison context.

## II.     PRISON DISCIPLINARY PROCEEDINGS

Foster seeks a federal writ of habeas corpus to challenge the result of a prison disciplinary conviction that resulted in the temporary loss of privileges and a reduction in status. The federal writ of habeas corpus is an extraordinary remedy which shall not extend to any prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3) & 2254(a); *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness"). To prevail, a habeas corpus petitioner must establish a constitutional violation.

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either

the Due Process Clause itself or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).

Foster does not identify any particular right found in the Due Process Clause. To the extent that the disciplinary conviction may affect his eligibility for early release from prison, the Due Process Clause does not include a right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Under these circumstances, Foster's petition depends on the existence of a constitutionally protected liberty interest created by state law.

The Supreme Court has decided that only those state-created substantive interests which "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487. *See also Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In Texas, only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release.[3] *See Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996). Texas inmates who are eligible for mandatory supervision have a

---

[3]   There are two ways in which a state prisoner becomes eligible for early release from confinement in Texas. The first is by "parole" and the second is by release on "mandatory supervision." *See* TEX. GOV'T CODE § 508.001(5)-(6) (Vernon 2004). Whereas parole is wholly discretionary, an inmate's release to mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263, n.1 (5th Cir. 2007).

protected liberty interest in the good-time credits that they have earned. *See Malchi*, 211 F.3d at 956. Therefore, when sanctions are imposed for disciplinary violations, Texas prison officials cannot forfeit good-time credits from inmates who are eligible for mandatory supervision without first affording due process. *See id*.

According to the petition, Foster is eligible for mandatory supervision. Foster concedes, however, that he did not lose any good-time credits as a result of the prison disciplinary conviction at issue in his petition. [Doc. # 1, *Petition*, ¶ 18].

The other sanctions imposed against Foster (loss of privileges and a reduction in classification status) do not implicate the Due Process Clause. According to well-settled precedent, sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon privileges are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *See id*. The Fifth Circuit has also decided that reductions in a prisoner's class status and the potential impact on good-time credit earning ability are not protected by the Due Process Clause. *See Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Because the sanctions at issue do not implicate a protected liberty interest, Foster cannot demonstrate a violation of the Due Process Clause.

Absent an allegation that the petitioner has been deprived of some right secured to him by the United States Constitution or laws of the United States, federal habeas corpus relief is not available. *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *Hilliard v. Board of*

*Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985). Thus, the pending federal habeas petition must be dismissed.

## III.   **CERTIFICATE OF APPEALABILITY**

The federal habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253. Therefore, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must

show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of the constitutional claims debatable or wrong. Because the petitioner does not otherwise allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

### IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The habeas corpus petition is **DENIED**, and this case is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on July 15, 2010.

_____
Nancy F. Atlas
United States District Judge